IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANICE M. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 19-0785-MU ) |
| ANDREW M. SAUL,<br>Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Janice M. Williams brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for Supplemental Security Income ("SSI"), based on disability. (Doc. 1). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 16 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See* Doc. 22. Upon consideration of the administrative record, Williams's briefs, and the Commissioner's brief,[1] it is determined that the Commissioner's decision denying benefits should be affirmed.[2]

---

[1] The parties waived oral argument. (Docs. 18, 19).
[2] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 16 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

## I.  PROCEDURAL HISTORY

Williams applied for SSI, based on disability, under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383d, on August 22, 2016. (Tr. 169-74). Her application was denied at the initial level of administrative review on November 9, 2016. (Tr. 82-86). On January 5, 2017, Williams requested a hearing by an Administrative Law Judge (ALJ). (Tr. 90-92). After a hearing was held on April 23, 2018, the ALJ issued an unfavorable decision finding that Williams was not under a disability from the date the application was filed, August 22, 2016. (Tr. 16-31). Williams appealed the ALJ's decision to the Appeals Council, which denied her request for review of the ALJ's decision on August 30, 2019. (Tr. 1-3). After exhausting her administrative remedies, Williams sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. 1). The Commissioner filed an answer and the social security transcript on January 17, 2020. (Docs. 11, 12). Both parties have filed briefs setting forth their respective positions. (Docs. 14, 23, 24). The parties waived oral argument. (Docs. 18, 19). After careful consideration, for the reasons set forth below, the Court finds that the decision of the Commissioner is due to be affirmed.

## II.  CLAIMS ON APPEAL

Williams alleges that the Commissioner's decision to deny her benefits is in error for the following reasons: 1) the ALJ's finding of only mild limitations in the ability to understand, remember or apply information is not supported by the evidence of record; 2) the ALJ failed to fully and fairly develop the record because he did not obtain the opinion of a mental health professional regarding the effects of the severe impairments of anxiety/panic disorder and depressive/dysthymic disorder; and 3) the Appeals

2

Council failed to properly consider the opinion of the two-time examining psychiatrist. (Doc. 14 at p. 1).

### III. BACKGROUND FACTS

Williams was born on May 12, 1967 and was 49 years old at the time she filed her claim for benefits. (Tr. 40). Williams initially alleged disability due to high blood pressure, anxiety, depression, diabetes, gout, high cholesterol, neuropathy in both hands and feet, dizziness, tiredness, and obesity. (Tr. 202). Williams did not complete high school but did earn her GED in 2006. (Tr. 42, 203). She did not attend special education classes. (Tr. 203). She worked as a home health worker cooking and cleaning from approximately 2002 until 2009. (Tr. 42-44, 210-11). She has also worked previously as a fish filleter. (Tr. 42). She stopped working on September 15, 2009. She testified that she can no longer work because she has a stiff leg, bad knee, pain in both legs, weakness in her left arm, and is tired all the time. (Tr. 44-45). In her Function Report which was completed on September 6, 2016, Williams stated that she can handle her own personal care without reminders, except reminders to take her medicine; that she does not take care of anyone else or any pets; that she cooks simple meals daily; that she can iron and do a little housework; that she goes shopping for food, clothes, and what she needs when she really needs to go; that she can pay bills, count change, handle a savings account, and use a checkbook and money orders; that she watches television, spends time with family members, goes to her sister and brother's house on a regular basis, and talks on the phone; that she can pay attention for a period of time; that she has no problems finishing what she starts or getting along with authority figures; that she does not follow written instructions too well and

sometimes forgets spoken instructions; and that she does not handle stress or changes in routine well. (Tr. 219-24). She has a driver's license but has not driven since 2009 when she had a stroke because she gets light-headed and weak. (Tr. 41-42, 221).

## IV. ALJ'S DECISION

After conducting a hearing on this matter, the ALJ made a determination that Williams had not been under a disability since the date the application was filed, and thus, was not entitled to benefits. (Tr. 31). At step one of the five-step sequential evaluation, the ALJ found that Williams had not engaged in SGA since August 22, 2016, the application date. (Tr. 21). Therefore, he proceeded to an evaluation of steps two and three. The ALJ found that, during the relevant period, Williams had severe impairments of diabetes mellitus with neuropathy, obesity, a history of gout, anxiety/panic disorder, and depressive/dysthymic disorder, but that she did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Tr. 21-24). After considering the entire record, the ALJ concluded that Williams had the RFC to perform a range of light work, except that she could only lift and carry up to twenty pounds occasionally and up to ten pounds frequently; could push and pull within the same exertional limits; stand or walk for about six hours altogether and sit for at least six hours out of an eight-hour workday but would need the opportunity to alternate between sitting and standing postures on approximately a thirty minute basis; could occasionally stoop, crouch, kneel, crawl, and climb - but not ladders, ropes, or scaffolding; can perform tasks not involving operation of vibrating tools or equipment; can perform tasks not involving exposure to temperature extremes or workplace hazards, such as unprotected heights and dangerous moving machinery;

can understand and carry out short, simple instructions consistent with the performance of simple, unskilled work of a routine, repetitive nature; can make simple work-related decisions, but cannot carry out any complex instructions and cannot engage in any long-term planning, negotiation, or independent goal-setting, can tolerate occasional interaction with supervisors and coworkers, but no more than superficial interaction with members of the general public, and can tolerate only minor, infrequent changes within the workplace. (Tr. 24-29). After setting forth her RFC, the ALJ determined that Williams was unable to perform any past relevant work. (Tr. 29-30).  However, considering her age, education, work experience, and RFC, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that Williams could perform, and therefore, found that Williams was not disabled within the meaning of the Act. (Tr. 30-31).

## V. DISCUSSION

Eligibility for SSI benefits requires that the claimant be disabled. 42 U.S.C. § 1382(a)(1)-(2). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 20 C.F.R. §§ 4004.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted). "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*.

When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

In this case, Williams argues that the ALJ erred for the following reasons: 1) the ALJ's finding of only mild limitations in the ability to understand, remember or apply information is not supported by the evidence of record and 2) the ALJ failed to fully and fairly develop the record because he did not obtain the opinion of a mental health professional regarding the effects of the severe impairments of anxiety/panic disorder and depressive/dysthymic disorder. (Doc. 14 at p. 1). Williams also argues that the Appeals Council erred because it failed to properly consider the opinion of the two-time examining psychiatrist. (*Id.*). The Commissioner, on the other hand, asserts that the ALJ provided valid reasons for his findings, that those findings are supported by the applicable law and by substantial evidence, and that the ALJ's conclusion that Williams was not disabled was not in error. (Doc. 23). The Commissioner also contends that the Appeals Council was not in error.

A. <u>ALJ's Alleged Errors with Regard to Williams's Mental Impairments</u>

Williams argues that the ALJ did not fully and fairly develop the record because he did not obtain the opinion of a mental health professional regarding the effects of her anxiety/panic disorder and depressive/dysthymic disorder which he found to be severe impairments. "The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Doughty v. Apfel*, 245 F. 3d 1274, 1281 (11th Cir. 2001). In this case, with regard to Williams's mental impairments, the ALJ had

7

Dr. Hodo's consultative examination report, as well as her other medical records from the relevant period, the Psychiatric Review Technique (PRT) performed by Dr. Dennis, the Function Reports completed by Williams and her sister, and William's own hearing testimony, to rely upon in making his assessment as to how her anxiety/panic disorder and depressive/dysthymic disorder affected her ability to work. Based on this information, the ALJ assessed some limitations in Williams's ability to perform some work-related functions due to these disorders and included those in her RFC. For example, the ALJ found that she can only understand and carry out short, simple instructions consistent with the performance of simple, unskilled work of a routine, repetitive nature; can make simple work-related decisions, but cannot carry out any complex instructions and cannot engage in any long-term planning, negotiation, or independent goal-setting, can tolerate occasional interaction with supervisors and coworkers, but no more than superficial interaction with members of the general public, and can tolerate only minor, infrequent changes within the workplace. (Tr. 24-29). The Court notes that, until her appeal of the ALJ's decision, Williams had primarily contended that physical impairments and pain related to those impairments prevented her from working and had not relied upon her mental impairment in support of her claim for benefits. At the hearing, she testified that she can no longer work because she has a stiff leg, bad knee, pain in both legs, weakness in her left arm, and is tired all the time. (Tr. 44-45). Based on the fact that the record, as a whole, contains sufficient evidence of her mental impairment and the effects therefrom, the Court finds that the ALJ did not err by failing to develop the record further.

Williams also argues that the ALJ erred because his finding of only mild limitations in her ability to understand, remember or apply information is not supported by the evidence of record. As noted above, the ALJ found that Williams had the severe

8

mental impairments of anxiety/panic disorder and depressive/dysthymic disorder that significantly limited her ability to perform basic work activities. (Tr. 21). In assessing whether her mental limitations met listings 12.04 or 12.06, the ALJ concluded that she had a mild limitation in understanding, remembering, or applying information and noted that she is mentally able to initiate, sustain, and complete activities such as attending to personal care, preparing meals, shopping, cleaning, and managing finances independent of direction or supervision. (Tr. 23). In her brief, Williams contends that this statement by the ALJ was not supported by the record because sometimes she needs reminding to take her medicine. (Doc. 14 at p. 11). Having reviewed the Function Reports and hearing testimony, the Court finds, however, that substantial evidence supports the ALJ's conclusion. The Court notes that these were all activities that Williams herself reported that she was able to do. (Tr. 49, 219-24).

The Court finds, based on the record as a whole, substantial evidence supports the ALJ's conclusion that she had a mild limitation in understanding, remembering, or applying information and, in addition, supports the ALJ's finding regarding Williams's mental limitations as set forth in her RFC. As Dr. Dennis observed, the medical evidence did not substantiate the degree of mental limitation Williams now alleges. (Tr. 67). Specifically, Dr. Dennis noted that William's treatment records from her primary physician's office dated October 2015, March 2016, and August 2016 recorded no significant mental issues. (Tr. 67, 334, 434-35). Dr. Dennis cited a treatment note reflecting that Williams was prescribed Lorazepam for anxiety but observed that the medical note did not document any mental clinical signs or symptoms. (Tr. 67, 434-35). Evidence in the record demonstrates that treatment for her anxiety was handled by a

PCP, not by a mental health professional, and no referral had been made for outpatient mental health treatment. The ALJ likewise discussed that Williams had not been in "formal mental health treatment" and "is not in any intensive therapy." (Tr.11).

Additionally, the consultative neurologist, Dr. Freij, noted no objective signs of mental issues and noted that her speech and language were unremarkable and she was alert and oriented when he examined her on October 13, 2016. (Tr. 437-38). Dr. Hodo, the consultative psychologist, recorded that Williams reported to him that she gets scared at times and depressed at times and that she takes Ativan to help her sleep. (Tr. 441). He noted that she seemed to have difficulty expressing herself, had very slow responses, and her mood had elements of both anxiety and depression. (Tr. 442). Dr. Hodo further noted that she was not psychotic, had intact sensorium, and, of significance in this analysis, was capable of managing any financial benefits awarded to her (*Id.*). Similarly, the record reflects that Williams's primary care provider administered the Patient Health Questionnaire (PHQ-2/PHQ-9), which physicians use to routinely screen for depression, and Plaintiff's scores were below the level suggestive of major depressive disorder. She scored 2 out of 6 on the PHQ-2 on March 2, 2017 (Tr. 445) and scored 0 of 6 on November 3, 2017 (Tr. 465). Both scores are below 3; a score of 3 or greater on the PHQ-2 indicates that major depressive disorder is likely.[3]

A review of the entire record reveals that substantial evidence supports the ALJ's conclusions that Williams had only mild limitations in understanding, remembering, or

---

[3] National HIV Curriculum: Patient Health Questionnaire-2 (PHQ-2), *available at* https://www.hiv.uw.edu/page/mental-health-screening/phq-2 (last visited Mar. 25, 2020).

10

applying information and that the accommodations for her mental impairments provided in the residual functional capacity sufficiently accounted for those limitations.

**B. <u>Appeals Council Erred by Failing to Consider Dr. Hodo's Opinion</u>**

Williams appealed the ALJ's decision to the Appeals Council and included records and a Medical Source Statement from Dr. Hodo dated December 17, 2018 which was generated after the ALJ's decision on November 2, 2018. (Tr. 280-81). The Appeals Council found that "this evidence does not show a reasonable probability that it would change the outcome of the decision" and denied the request for review. (Tr. 1-2). Williams contends that the Appeals Council erred in not considering and accepting Dr. Hodo's opinions set forth in the MSS. (Doc. 14 at pp. 5-8).

The Eleventh Circuit has made clear that "[w]ith few exceptions, the claimant is allowed to present new evidence at each stage of th[e] administrative [review] process[,]" including before the Appeals Council. *Ingram v. Comm'r of Soc. Sec.,* 496 F.3d 1253, 1261 (11th Cir. 2007). While the Appeals Council has the discretion not to review the ALJ's denial of benefits, *Flowers v. Commissioner of Social Sec.,* 441 F. App'x 735, 745 (11th Cir. 2011), it "must consider new, material, and chronologically relevant evidence" submitted by the claimant. *Beavers v. Soc. Sec. Admin., Comm'r*, 601 F. App'x 818, 821 (11th Cir. 2015); *Ingram,* 496 F.3d at 1261*; see also* 20 C.F.R. § 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.") Evidence is new only if it is not cumulative of other evidence in the record. *Beavers,* 601 F. App'x at 821. "The evidence is material if 'there is a reasonable possibility that the new evidence would change the

administrative outcome.'" *Id*. (quoting *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987)); *see Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014)). "It is chronologically relevant if 'it relates to the period on or before the date of the [ALJ] hearing decision.'" *Ring v. Berryhill,* 4:16-CV-42-VEH, 2017 WL 992174, *4 (N.D. Ala. Mar. 15, 2017) (quoting 20 C.F.R. § 404.970(b)).

In *Mitchell*, the Appeals Council denied review, stating simply that it had considered the additional evidence but "the information did not provide a basis for changing the ALJ's decision." *Mitchell*, 771 F.3d at 782. The Eleventh Circuit explained that the Appeals Council's statement was sufficient because the record did not provide a "basis for doubting the Appeals Council's statement that it considered Mitchell's additional evidence." *Id*. at 783; *see also Beavers,* 601 F. App'x at 821-22 (finding that the Appeals Council's statement that it had considered the claimant's new evidence but found that the new evidence did not provided a basis for changing the ALJ's decision was sufficient). The *Mitchell* panel noted that the Appeals Council "was not required to provide a detailed rationale for denying review." 771 F.3d at 784, 784-85 (noting that "our conclusion that the Appeals Council is not required to explain its rationale for denying a request for review is consistent with the holdings of other circuits that have considered this issue").

"The issue of whether a claimant's new evidence is new, material, and chronologically relevant is reviewed *de novo*." *Green,* 2017 WL 3187048, at *2 (citing *Washington v. Soc. Sec. Admin., Comm'r,* 806 F.3d 1317, 1320 (11th Cir. 2015). This Court, having reviewed all of the medical records within the relevant time period, the consultative reports, the Function Reports prepared by Williams and her sister, and

12

William's testimony, as well as Dr. Hodo's December 17, 2018 records and Medical Source Statement, agrees with the Appeals Council's finding that the newly submitted evidence did not show a reasonable probability that it would change the outcome of the decision. The new records simply do not provide any new, material, or relevant evidence demonstrating that Williams RFC did not properly account for the limitations related to her anxiety and depression. While the Court recognizes that Dr. Hodo's MSS established a greater level of limitation in her mental abilities than assessed by the ALJ in determining whether her mental disorders met a listing, the Court also finds that this level of limitation is not supported by the evidence in the record and is therefore not supported by substantial evidence. "[T]he ALJ will evaluate a [physician's] statement [concerning a claimant's capabilities] in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ." *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923 (11th Cir. 2007); *see also Pritchett v. Colvin*, Civ. A. No. 12-0768-M, 2013 WL 3894960, at *5 (S.D. Ala. July 29, 2013) (holding that "the ALJ is responsible for determining a claimant's RFC"). So, although Dr. Hodo opined regarding William's functional capacity, the ultimate determination of disability is left to the ALJ. As such, based on the above discussion of the totality of the evidence in the record, this Court agrees that there is not a reasonable probability that Dr. Hodo's new report would change the outcome of the ALJ's decision. The Court, thus, concludes that the Appeal's Council did not err.

## **CONCLUSION**

It is well-established that it is not this Court's place to reweigh the evidence or substitute its judgment for that of the Commissioner. *See Chester*, 792 F.2d at 131. This

Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. Having reviewed the ALJ's decision and the entire transcript and considered the arguments made by Williams, the Court finds that the ALJ's determination that Williams was not disabled is supported by substantial evidence and based on proper legal standards. *See, e.g., Lynn v. Comm'r of Soc. Sec.,* 791 F. App'x 888, 889 (11th Cir. 2020) (finding that substantial evidence supported ALJ's denial of benefits when portions of physician's opinion were disproportionate to objective findings, claimant received only conservative and routine treatment from general practitioners, and claimant had the ability to operate a motor vehicle, prepare meals, perform household chores, do laundry, and groom herself).

Based on the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **26th** day of **March, 2021**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**